**UNITED STATES of America,
Appellee,**

v.

**Robert Anthony EVANS, Appellant.**

**No. 75–1672.**

United States Court of Appeals,
Ninth Circuit.

June 27, 1975.

Certiorari Denied Oct. 20, 1975.
See 96 S.Ct. 224.

Carl E. Larson (argued), Sacramento, Cal., for appellant.

Donald H. Heller, Asst. U. S. Atty. (argued), Sacramento, Cal., for appellee.

OPINION

Before CARTER, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM:

Evans appeals his conviction under 26 U.S.C. § 5861(d) (unregistered sawed-off shotgun). The only issue is whether the district court's finding that Evans "voluntarily" consented to the search of his automobile was clearly erroneous in light of the coercive environment of the search.

Plain-clothes narcotics officers who had been keeping Evans under surveillance approached his automobile with drawn guns and ordered Evans and his friends to "freeze". After a pat down search produced no weapons, the officers told Evans that they were investigating reported narcotics transactions and asked if they could search his vehicle. Evans said, "Go ahead." The search produced no narcotics, but did produce the incriminating shotgun.

Evans contended throughout the proceedings below, and in this court, that when the evidence is considered in its entirety under the test of *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), the theory of voluntary consent cannot be supported.

A month after the search, however, Evans told an interviewing officer that his consent was voluntary. This, taken together with the inference that Evans knew the search would not yield narcotics, and the testimony of the officers that they advised Evans of his right to refuse, gives adequate support for the trial court's finding that the consent was voluntarily given.

The trial judge heard the evidence, and considered the demeanor of the witnesses and the inferences to be drawn from their testimony. We cannot say that his findings were clearly erroneous.

Affirmed.